Filed Jan. 15, 1887.

No. 12,700.

## THE PHENIX INSURANCE COMPANY *v.* ALLEN ET AL.

INSURANCE.—*Personal Property.*—*Misdescription of Location.*—*Reformation.*—
Where the agent of an insurance company, without the knowledge or
consent of the insured, inserts a false description of the location of per-
sonal property in the application, thereby causing a misdescription in
the policy, these facts, in an action on the policy, may be averred and
proved without asking a reformation of either instrument.

SAME.—*Estoppel.*—In such case the insurance company is estopped from
setting up the misdescription as a defence to the action.

From the Jefferson Circuit Court.

*C. Walker,* for appellant.

*W. R. Johnson,* for appellees.

NIBLACK, J.—This was an action by David Allen, Jr., and
Frank Allen against the Phenix Insurance Company of
Brooklyn, in the State of New York, upon a policy of insur-
ance issued upon a lot of hay and other property, both real
and personal, and situate in Switzerland county.

The action was commenced in the Switzerland Circuit

Court, but the venue was afterwards changed to the court below.

The complaint was in three paragraphs. The first and third paragraphs counted upon the policy of insurance, alleging the loss of the hay and some other personal property by fire.

The second paragraph was in form a complaint upon the policy, but alleged a mistake in its execution, and asked a reformation in accordance with what was claimed to have been the true intention of the parties. This paragraph was held to be an equitable proceeding, and triable by the court alone.

Demurrers to each paragraph of the complaint were severally overruled.

The first and third paragraphs were submitted to a jury for trial. After the evidence was concluded the circuit court instructed the jury to return a verdict for the defendant on the first paragraph, which they accordingly did. But upon the third paragraph the verdict was for the plaintiffs, and they had judgment on the verdict.

Error is assigned upon the overruling of the demurrer to the third paragraph of the complaint, and upon the refusal of the circuit court to grant a new trial.

The third paragraph of the complaint charged that the plaintiffs were, on the 9th day of May, 1884, the owners of a forty-acre tract of land in section five (5), in township two (2) north, of range three (3) west, on which had been erected and were standing a one-story, shingle-roof, frame and log dwelling-house, and a shingle-roof, frame granary; that on the same day, the plaintiffs were, as lessees, occupying and cultivating a tract of land containing one hundred and eighty-four acres in section ten (10), in the same township and range, belonging to another person; that at the same time the plaintiffs were the owners of twenty-five tons of hay, two horses, and a considerable amount of other specifically described personal property situate and kept in a barn located

on said leased tract of land in said section ten (10); that, on said 9th day of May, 1884, one Clifford Fish, who was the agent of the defendant, visited the plaintiffs at said barn on said section ten (10), and proposed that the defendant would issue to them a policy of insurance against loss, by fire and lightning, on their said destructible property, which he then saw and examined, for the aggregate sum of $760, to run from the 1st day of May, 1884, for the term of five years, such policy of insurance to be issued in consideration of the sum of $11.50, for which the plaintiffs might execute their promissory note, payable on the 1st day of May, 1885; that the plaintiffs accepted the offer thus made to them, and executed to the defendant their promissory note for $11.50, payable on said 1st day of May, 1885, and signed an application for a policy of insurance to be issued in accordance with the agreement which had been entered into concerning the same; that said application, when it was signed and delivered to the said Fish, was blank as to the location of the property on which the policy of insurance was to be issued; that in this blank condition the said Fish delivered the application to one Addison Works, at the city of Vevay, who was the local agent of the defendant for the county of Switzerland; that the said Works, without the knowledge or consent of the plaintiffs, filled up the blank in said application so as to make it appear that the personal property, as well as the buildings to be included in the policy of insurance, was situate upon their forty-acre tract of land in section five (5), hereinabove referred to; that with the blank so filled up, the said Works transmitted such application to the defendant's office in the city of Chicago, in the State of Illinois; that the defendant thereupon issued to the plaintiffs a policy of insurance upon the property mentioned in the application in accordance with the original agreement with Fish, except that the personal property was erroneously described therein as situate in section five (5), instead of in section ten (10), following, in that respect, the description of it given by the said Works as it was

by him wrongfully written into the application; that the personal property covered by said policy of insurance, except the two horses, being at the time situate upon the said section ten (10), as the said Fish well knew, was, on the 20th day of November, 1884, destroyed by fire, of which the defendant was duly notified; that the plaintiffs did not know, until after the greater part of the property insured was so destroyed by fire, that such property was described in the policy of insurance as situate upon said section five (5), as hereinabove set forth.

It is claimed that this paragraph of the complaint was bad upon demurrer, upon the ground that it was a complaint in part upon a written contract, and in part upon a parol contract, which latter contract had been merged into and superseded by the written contract; also upon the ground that it rested the right of the plaintiffs to recover, upon extrinsic facts to be proven by parol evidence, varying and contradicting the alleged written contract of insurance.

No rule of law is more firmly established than the one which declares that a parol agreement is merged in, and superseded by, a subsequent written agreement embracing the same subject-matter. It is equally well settled as a general rule, that parol evidence is inadmissible to either vary or contradict a written instrument. It is also true, that the locality in which goods are kept is an important element in a contract of insurance, and that ordinarily it must be made to appear that the property was at the place designated in the policy when it was destroyed. 1 Wood Fire Ins., section 47. But no one of these rules is applicable to the case made by the paragraph of the complaint under consideration. The averments of this paragraph were to the effect, that the words on the face of the application which gave a false description of the location of the personal property afterwards destroyed by fire, and which caused a misdescription of such location to be inserted in the policy of insurance, were written into the application by an agent of the defendant without

the knowledge or consent of the plaintiffs, and hence never became a part of the application which the plaintiffs signed, and for which they were, in any manner, responsible. If this misdescription of the location of the personal property was so written into the application, without the knowledge or consent of the plaintiffs, it was a fact which they were entitled to aver in their complaint and to prove at the trial, without asking a reformation either of the application or of the policy of insurance issued upon it. The writing into the application the alleged misdescription in question by the defendant's agent, without the knowledge or consent of the plaintiffs, estopped the defendant from setting up such misdescription as a defence to the action. These general principles governing actions on policies of insurance are well recognized by numerous authorities. 1 Wood Fire Ins., section 49 ; May Ins., section 141 ; *American, etc., Ins. Co.* v. *McLanathan,* 11 Kan. 533 ; *Lynchburg Fire Ins. Co.* v. *West,* 76 Va. 575 (44 Am. R. 177) ; *Combs* v. *Hannibal, etc., Ins. Co.,* 43 Mo. 148 ; *Planters' Ins. Co.* v. *Myers,* 55 Miss. 479 (30 Am. R. 521) ; *Planters' Ins. Co.* v. *Sorrels,* 1 Baxter, 352 ; *Woodbury, etc., Ass'n* v. *Charter Oak, etc., Ins. Co.,* 31 Conn. 517 ; *Carpenter* v. *Providence, etc., Ins. Co.,* 2 Am. Leading Cases, 865 ; *Rowley* v. *Empire Ins. Co.,* 36 N. Y. 550 ; *Plumb* v. *Cattaraugus, etc., Ins. Co.,* 18 N. Y. 392 ; *Insurance Co.* v. *Wilkinson,* 13 Wall. 222.

Evidence was introduced, and instructions to the jury were given and refused, and the cause was in all respects tried in accordance with the general principles governing actions on policies of insurance above enumerated. There was also evidence tending to sustain the verdict, and hence no sufficient reason has been shown for a reversal of the judgment. *North British Mercantile Ins. Co.* v. *Crutchfield,* 108 Ind. 518.

The judgment is affirmed, with costs.

Filed Jan. 25, 1887.