## THE KANSAS FARMERS' FIRE INSURANCE COMPANY v. BEN. SAINDON.

1. ERROR, *Not Reversible.* A ruling of the trial court not prejudicial to the party complaining cannot be regarded as reversible error.

2. PREMISES —*Mistake in Description.* Where a dwelling house is insured, and the policy by mistake misdescribes the land on which the house is situated, this will not of itself affect the risk or render the policy void, and it is not necessary to re-form the policy in case of a loss to recover thereon.

3. CASES, *Followed.* The cases of *Sullivan v. Insurance Co.,* 34 Kas. 170, and *Insurance Co. v. Gray,* 43 id. 497, followed.

4. POLICY —*Provision, not Broken.* A provision in an insurance policy against future incumbrances, without the consent of the secretary of the insurance company indorsed thereon, is not broken, where the property is already mortgaged at the time of the application for the insurance and the issuance of the policy, by the subsequent renewals of the prior mortgages with accrued interest.

5. AGENCY, *When Company Cannot Deny.* Where a person claiming to be the solicitor or agent of a fire insurance company, and having in his possession blank applications of the company, receives and forwards to the company an application indorsed by him as the solicitor for the company, and the company accepts such application from such person, and pays him for his services as solicitor, and returns and delivers to him for the insured the policy applied for, and receives the premium on the policy through such solicitor, less his charges for commission, *held,* in an action on the policy, that the insurance company, having enjoyed the benefits of the acts of the alleged solicitor, and having paid him as solicitor, cannot deny that he was its agent for the purpose of soliciting and delivering such policy.

*Error from Cloud District Court.*

THIS action was commenced by *Ben. Saindon* against the *Kansas Farmers' Fire Insurance Company*, upon an insurance policy dated the 1st day of April, 1887, for damage sustained by reason of a fire which occurred November 6, 1888, and during the term of the policy. Among other things contained in the petition was the following:

"And plaintiff further says, that said defendant, at the time it issued said policy of insurance to the plaintiff, did not properly describe the real estate on which said dwelling house was situated, and that the answers to certain questions in the application and transcribed on said policy are not the answers of the plaintiff to the questions as they appeared on said policy of insurance; that when he received said policy and discovered said errors, he returned the same to said insurance company for correction, and asked to have said erroneous description corrected so as to properly describe the real estate on which said dwelling house was situate, and to correct the other erroneous answers to questions, as they appeared on said policy to have been falsified; all of which said company, by their authorized agent, agreed to do, and received from said plaintiff his said policy herein described for that purpose, who kept and did not return the said policy to him until after his said loss by fire, when the same was returned to him without any correction having been made; that said error in said description and answers was not the plaintiff's, but the defendant's, and which error it, the defendant, should have corrected, as was its place to do when notified and directed."

The answer contained a general denial. The second defense was, that at the time of the fire the plaintiff below was not the owner of the property destroyed by the fire or the property described in the policy. In the fourth defense, the defendant set out the written application made by Saindon for the policy, alleging specifically that the application, by the terms of the policy of insurance, was a warranty on the part of Saindon, and that the policy contained conditions providing that any false representations upon the part of the assured in his application should render his policy of insurance void, and

that the application contained false statements; among others, that the assured represented that he was the owner of the premises upon which the property was situated and that it was unincumbered, when, in fact, the property was mortgaged for a very large amount—about $14,000. In the fifth defense, the company pleaded the clause in the policy that, if the property described in the policy of insurance should be sold, transferred or incumbered in whole or in part before or after the loss, without the consent of the secretary of the defendant company indorsed thereon, then the policy of insurance should be void; and alleged that plaintiff below, at divers times after receiving the policy, had mortgaged the insured property, and that for this reason the policy was wholly void. The reply was as follows:

"Comes now the plaintiff, and for reply to the several paragraphs of defendant's answer herein, denies each and every allegation therein contained. And, for a further and more complete reply herein to defendant's answer, says that he never executed or delivered the pretended application for insurance set forth in defendant's answer and marked 'Exhibit A'; that he never either directly or indirectly made any representations to defendant that his real estate mentioned was or was not mortgaged or incumbered, neither did he ever authorize the same to be made to defendant, or to anyone acting for and in behalf of said defendant; that E. D. Pelletier, the solicitor for said insurance company, defendant, desiring to insure the house and furniture of the plaintiff, represented to the plaintiff that he was the agent of the insurance company, defendant, and that all the company desired was the size of the house and when built; that E. D. Pelletier, for said defendant, took a blank piece of paper and took down the size of the house and when built, turned to the plaintiff and said 'That is all. When you come in again your policy will be ready;' that the plaintiff soon thereafter called, paid the full premium thereon, to wit, $37.50, and, being unable to read or write, took the policy home; that he never signed any application of any kind or description to said defendant, neither did he ever authorize anyone in his behalf to sign such application; that his application for the insurance was oral, and was not reduced to writing by the defendant; that in obtaining the insurance policy, he did not conceal or attempt to conceal any

debt or lien against him; that E. D. Pelletier, who was acting for and on behalf of the insurance company, defendant, and from whose hand he received the policy, had personal knowledge of the financial condition of the plaintiff at the time of the issuing and delivering of the insurance policy, and for a long time prior thereto."

The reply was not sworn to. The trial commenced on the 10th of January, 1890. The jury returned a verdict for the plaintiff, and assessed his damages at $2,664.16, being $1,900 for loss on house, with interest of $124.76, and $600 for loss on personal property, with $39.40 interest. Subsequently judgment was rendered thereon in favor of the plaintiff and against the defendant upon the verdict. The *Insurance Company* excepted, and brings the case here.

*Stambaugh & Hurd,* for plaintiff in error:

The petition itself disclosed the fact that the policy did not properly describe the real estate upon which said dwelling house was situated; that the answers to certain questions in the application and transcribed on said policy were not the answers of the assured to the questions as they appear upon said policy of insurance; that the property was in fact located upon the northwest quarter of section 3, township 6 south, of range 4 west; that the description in the policy is the northeast quarter of section 3, township 6 south, of range 4 west, and the plaintiff declared upon the policy and the application as the written contract upon which he was entitled to recover; that before recovery could be had the contract itself must be re-formed.

There was other insurance, and for this reason the policy, it is well settled, was void. Under the terms of the policy sued on in this case, it is provided that if the property described in the policy of insurance be sold, transferred, or incumbered, in whole or in part, before or after the loss, without the consent of the secretary of said defendant company indorsed thereon, then said policy of insurance shall become void. The property described in the petition was mortgaged

during the term of the policy and before loss.   No notice was given to the company of the making of these mortgages, and no consent asked or obtained.   The making of these mortgages during the term of this policy was in violation of the terms of the policy quoted, and unquestionably rendered the policy void.   See 1 Allen, 362; 41 Pa. St. 187; 48 id. 151; 40 Md. 620; 36 Wis. 599.

Pelletier was not the agent of the company for any purpose.   He had been the agent of the company, but his agency had terminated, and it does not appear that Saindon ever knew that Pelletier was or had ever been the agent of the defendant company.   He was an old acquaintance and a fellow-countryman with whom he could talk, upon whose solicitation he gave an order for his insurance without, according to his own testimony, inquiring or knowing what company his insurance was to be in.   Pelletier was the agent of Saindon.

The fact that Saindon returned this policy to Pelletier after he discovered the mistake in the description of the property, for correction, never came to the knowledge of the defendant company.   Pelletier never sent it to the company for correction, or in any manner apprised the company of the misdescription, or of the falsity of the answers which he had inserted in the application; nor can it be pretended that the company is chargeable with what came to Pelletier's knowledge with respect to this last matter.

*Pulsifer & Alexander*, for defendant in error:

The land upon which the dwelling house was described in the policy as situated, was a misdescription.   But it seems to be well settled that a misdescription of this character does not vitiate the policy nor prevent a recovery thereunder, nor is it necessary to have the policy re-formed in order to recover thereunder. *Insurance Co. v. Schreck*, 43 N. W. Rep. 341–344; *Iusurance Co. v. Gebhart*, 49 id. 333; *Mumper v. Kelley*, 43 Kas. 256; *Insurance Co. v. McLanathan*, 11 id. 533; *Life Ins. Co. v. Lunkenheimer*, 26 N. E. Rep. 1082–1084.

An insurance agent or solicitor, who is authorized to receive applications and forward them to the company, is the agent of the company; and if he receives truthful information from the assured, and undertakes to correctly fill up the application, but instead of doing so makes false statements, the assured will not be made to suffer from his wrongful act. *Continental Ins. Co. v. Pearce,* 39 Kas. 396–402; *Bowlus v. Phœnix Ins. Co.,* 32 N. E. Rep. 319–323; *Kister v. Insurance Co.,* 18 Atl. Rep. 447–450; *Insurance Co. v. Eshelman,* 30 Ohio St. 647–656; *Russell v. Insurance Co.,* 45 N. W. Rep. 356, 357; *Insurance Co. v. Jordon,* 45 id. 792, 793; *Rodgers v. Insurance Co.,* 23 N. E. Rep. 498; *O'Brien v. Benefit Society,* 22 id. 954; *Baker v. Insurance Co.,* 38 N.W. Rep. 216; *Spratt v. Insurance Association,* 13 S. W. Rep. 799, 800; *Insurance Co. v. Taylor,* 24 Pac. Rep. 333, 334; *Reynolds v. Insurance Co.,* 46 N. W. Rep. 659; *Abraham v. Insurance Co.,* 40 Fed. Rep. 717. See, also, *Insurance Co. v. Weeks,* 45 Kas. 751; *Insurance Co. v. Gray,* 44 id. 731; *Insurance Co. v. Gray,* 43 id. 497; *Insurance Co. v. Barnes,* 41 id. 161; *Protective Union v. Gardner,* 41 id. 397–401; *Sullivan v. Insurance Co.,* 34 id. 170; *Insurance Co. v. Bank of Pleasanton,* 50 id. 449.

The defendant company contends that Pelletier was not the agent of the insurance company so as to bind it by the false answers in the application. It is clear beyond a doubt that Pelletier was the solicitor of the defendant company. It is so alleged in the pleadings, and the jury by their verdict have established that fact.

Renewal of existing incumbrance by giving a new mortgage to secure an "old debt does not vitiate a policy, and is not a breach of a covenant or condition in the policy against future incumbrance. The covenant or condition against future incumbrance does not stand upon the footing of a warranty." *Bowlus v. Insurance Co.,* 32 N. E. Rep. 319–323; *Kister v. Insurance Co.,* 18 Atl. Rep. 447–450. See, also, *Insurance Co. v. Gould,* 19 Atl. Rep. 793–795; *Russell v. Insurance Co.,* 32 N. W. Rep. 95; *Russell v. Insurance Co.,* 42 id. 654; *In-*

*surance Ass'n v. Holberg*, 8 So. Rep. 175; *McNamara v. Insurance Co.*, 47 N. W. Rep. 288.

The company has appropriated and enjoyed the fruits and benefits of Pelletier's acts done as its solicitor, pretending to represent it, and it cannot now be heard to say that his acts were unauthorized. See *McArthur v. Home Life Ass'n*, 35 N. W. Rep. 430; *Abraham v. Insurance Co.*, 40 Fed. Rep. 717; *Clark v. Reeder*, 40 id. 513; *Packard v. Insurance Co.*, 77 Me. 144; *Hahn v. Assurance Co.*, 32 Pac. Rep. 683; *Nichols v. Shaffer*, 30 N. W. Rep. 383; *Busch v. Wilcox*, 46 id. 940; *Busch v. Wilcox*, 47 id. 328; *Deering v. National Bank*, 46 id. 1117; *Rippley v. Case*, 49 id. 46; *Albitz v. Railway Co.*, 42 id. 394; *Knappen v. Freeman*, 50 id. 533, 534; *Esterly Co. v. Frolkey*, 51 id. 594–596; *Wheeler Co. v. Aughey*, 22 Atl. Rep. 667; *Union Co. v. Kirchoff*, 27 N. E. Rep. 91; *Babcock v. Deford*, 14 Kas. 408; *Waterson v. Rogers*, 21 id. 529; *Kister v. Insurance Co.*, 18 Atl. Rep. 447–450; *Nicholson v. Doney*, 37 Ill. App. 531; *Bronson's Ex'r v. Chappell*, 12 Wall. 681; *Morse v. Ryan*, 26 Wis. 356.

The opinion of the court was delivered by

HORTON, C. J.: The insurance company moved to require plaintiff below to make his petition more definite and certain, by stating specifically what answers to questions in the application, which had been transcribed on the policy, were false and not his own answers. This motion the court denied.

I. It is doubtful whether the exception of the company can be considered, because the petition in error does not specially assign this ruling as error; but, if it were considered, the reply subsequently filed cured the indefinite or defective allegations of the petition, as it set forth specifically all of the facts claimed by the plaintiff below concerning the application and the answers to the questions therein stated. All of the pleadings may be considered together, if any allegation in the petition is urged as insufficient. Therefore, if any error was committed in the ruling referred to, in view of the reply, it cannot be regarded as prejudicial.

II.  Upon the trial, after the jury was impaneled, and when plaintiff below offered his first witness, objection was made to the introduction of any testimony under the petition, for the reason that it did not state facts sufficient to constitute a cause of action.  The principal contention was, that the petition itself disclosed the fact that the policy did not properly describe the real estate upon which the dwelling house was situated. The land was misdescribed in the policy, but this misdescription would not affect the risk or render the policy void.  (*Insurance Co. v. McLanathan*, 11 Kas. 533; *Mumper v. Kelley*, 43 id. 256; *Insurance Co. v. Schreck*, 43 N. W. Rep. [Neb.] 341–344; *Insurance Co. v. Gebhardt*, 49 id. 333.)

III.  It is next contended that, as many of the answers concerning other insurance, prior incumbrances and stove-pipes in the written application were untrue, the policy was rendered void thereby.  It appears from the evidence, that the plaintiff below could not read nor write; that the application was signed with a mark only; that the applicant made no false statements or answers; that the application was filled in by E. D. Pelletier, who sent the same to the insurance company, and received the policy from plaintiff below. Therefore, if Pelletier was the agent of the company, and made or filled in the false answers without the knowledge or consent of the plaintiff, the company cannot avoid the payment of the loss on account of them.  (*Sullivan v. Insurance Co.*, 34 Kas. 170; *Insurance Co. v. Gray*, 43 id. 497.)  In this connection, it is suggested that the trial court committed error in permitting plaintiff below to testify that he never signed the application.  The question was not objected to, but the company moved to strike out his answer after it had been received.  The execution of the application, as it was submitted to the jury, was not in issue.  The court, in its instructions, treated the application as if it had been signed, and informed the jury that,

"If such agent relied on the representations of the plaintiff, if he made any, and such representations were false and deceived the agent as to the true condition of the property,

whether with reference to incumbrances or otherwise, and a loss occurred, the plaintiff could not recover. But if the plaintiff stated all the answers truthfully and the agent wrote them falsely, or if the agent, by his own examination, knowledge or information of the premises, without reference to the statements of the plaintiff, if any, filled out the application, then the company is bound thereby, whether the application was truthful and correctly filled out or not; for being the act of the company, through its agent, if not correct, the company and not the plaintiff must bear the loss."

IV. It is further contended, that as the property insured was mortgaged during the term of the policy and before the loss, without notice to or the consent of the company, the policy by the terms thereof became void. It appears from the evidence that the subsequent mortgages were given to the officers of the bank, who held the original mortgages, and were simply renewals of or in lieu of mortgages in existence at the time the application was taken and the policy issued, with additional interest. Such renewals did not vitiate the policy, nor cause any breach of its condition. There was a conflict in the evidence whether the mortgages were renewals only, but the jury were the judges of the weight and credibility of the witnesses, and under instructions of the court have settled that matter in favor of the plaintiff below. (*Bowlus v. Insurance Co.*, 32 N. E. Rep. 319–321; *Russell v. Insurance Co.*, 32 N. W. Rep. 95; *Russell v. Insurance Co.*, 42 id. 654; *Insurance Ass'n v. Holberg*, 8 So. Rep. 175; *McNamara v. Insurance Co.*, 47 N. W. Rep. 288.)

V. It is also contended that Pelletier was not the agent of the insurance company, as his agency had terminated in February, 1887, before the application for the policy was taken; therefore, that the trial court committed error in instructing the jury that "the company having issued its policy on the application taken by Pelletier, made him its agent for that purpose, even if he was not so before." At one time E. D. Pelletier was the solicitor for the insurance company. After his agency terminated, he retained printed blanks of the company which had been furnished him while he was solicitor.

On the back of the application filled up was indorsed: "E. D. Pelletier, solicitor." Pelletier requested the plaintiff to insure, fixed the amount of premium, made inquiries relative to the dwelling house, and transmitted the application to the company. The company issued the policy and paid Pelletier a commission of 25 per cent. for his services. The policy was sent to him for delivery. The acts of Pelletier in soliciting the insurance and taking the application on a blank of the company having been clearly accepted by the company, are such a ratification as is equivalent to full authority in the first instance. Having accepted Pelletier's services as solicitor, and having paid him for the same, the insurance company cannot now disown his agency. (*Babcock v. Deford*, 14 Kas. 408; *Waterson v. Rogers*, 21 id. 529; *McArthur v. Home Life Ass'n*, 35 N. W. Rep. 430; *Abraham v. Insurance Co.*, 40 Fed. Rep. 717.)

The trial court committed no error in refusing the two instructions prayed for. The first instruction omitted all reference to the false answers having been written in the application by Pelletier without the knowledge or consent of the plaintiff. The second instruction, concerning the subsequent mortgages, was faulty in not excepting renewals of prior mortgages. There are some other matters referred to in the briefs, but they do not merit discussion.

The judgment will be affirmed.

All the Justices concurring.