## HOME INSURANCE CO. v. AKERS.

No. 11144—Opinion Filed Dec. 18, 1923.

(Syllabus.)

**1. Reformation of Instruments—Mistake—Sufficiency of Evidence.**

In order to justify a reformation of a contract, the evidence must be full, clear, unequivocal, and convincing as to the mistake and its mutuality. Mere preponderance of the evidence is not enough. The proof must establish the facts to a moral certainty, and take the case out of the range of reasonable controversy.

**2. Trial—Erroneous Instruction of Verdict.**

Even though the defendant offers no evidence in rebuttal, where defendant has denied plaintiff's case, and the evidence introduced on the part of the plaintiff to prove his case was of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it is error for the court to instruct a verdict for the plaintiff.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by J. H. Akers against the Home Insurance Company of New York, a corporation, to reform a fire insurance policy and to recover the amount due thereon as re-

formed. From a judgment in favor of the plaintiff, the defendant brings error. Reversed and remanded.

Rittenhouse & Rittenhouse, for plaintiff in error.

Brett & Brett, for defendant in error.

MASON, J. This was a cause of action brought to reform a policy of fire insurance issued by the Home Insurance Company of New York to J. H. Akers, on the ground that a mistake was made in the description of the lots on which a part of the insured property was located. Plaintiff also seeks to enforce payment of the policy after same is reformed, because of the loss of said property by fire during the time the policy was in force.

The material parts of the plaintiff's petition are as follows:

That on or about August 3, 1917, he was the owner of a one-story frame building with metal roof in which he had furniture, and that he also had a stock of furniture in a two-story brick building adjoining said one-story building; that said brick building was not owned by the plaintiff; that it was located on lot 22, block 323, and the frame building on lot 21 of the same block, in the city of Ardmore, Okla.; that on or about said date the plaintiff entered into a written contract of insurance with the defendant, whereby, in consideration of the sum of $22.68, then and there paid by the plaintiff to the defendant, which the defendant accepted the defendant insured against fire the said stock of goods in the sum of $800, and the one-story frame building in the sum of $100, making a total of $900; that immediately before said contract was signed the agent of said company was shown by the plaintiff the stock of goods, situated as hereinbefore stated, and the same was pointed out to said insurance agent as the stock of merchandise which the plaintiff desired to have insured; that the defendant's agent then prepared said insurance policy contract and described the building and property as follows:

"1. $100.00 on the one-story-metal-roof frame building, including foundations, plumbing, electrical wiring and stationary, heating and lighting apparatus and fixtures; also all permanent fixtures, stationary scales and elevators, belonging to and constituting a part of said building, occupied as a furniture store, situated rear of lot 21, block 323, town of Ardmore, state of Oklahoma.

"2. $800.00 on his stock of merchandise, consisting principally of dressers, roll-top desks, refrigerators, linoleum, kitchen cabinets, buffets, iron bedsteads, bed springs, mattresses, carpets, rugs, art squares, side-boards, rocking chairs, chairs, extension tables, and other merchandise not more hazardous, such as is usually kept for sale in a similar store, only while contained in the building and its additions above described."

Plaintiff further alleges that it was his intention to insure his property situated in the main brick building, and also the one-story frame building which adjoined said brick building. Plaintiff further alleges that, on or about January 26, 1918, said main brick building, together with all merchandise therein contained, of the value of $5 000, was destroyed by fire.

The plaintiff further alleges compliance with all the conditions of said policy required of the insured, after loss by fire; that defendant thereafter sent its agent to adjust the loss with the plaintiff, and it was agreed that the loss of the plaintiff was in excess of the amount of said policy as aforesaid, but the defendant denied and refused to settle said loss, for the reason that the description stated in the policy did not cover the stock of merchandise situated in the main building.

Plaintiff further alleges that said insurance contract was intended to cover said property, and if it does not, it is due to the mistake of the agent of the defendant company, and not due to the plaintiff, but notwithstanding the defendant refused to pay said loss solely upon the ground that the description of the goods covered by the policy did not cover the goods lost by the fire.

The plaintiff prayed judgment on his first cause of action for reformation of the policy so as to include the merchandise situated in the brick or main building, which was destroyed by fire, and prayed judgment on his second cause of action in the sum of $800, with interest at six per cent. from January 26, 1918.

After the trial court overruled the demurrer of the defendant to the plaintiff's petition, the defendant filed an answer consisting of a general denial, and the further allegation that said policy of fire insurance only covered and insured against direct loss or damage by fire, the property specifically described in the policy, and no other property whatever. The defendant also alleged that the plaintiff was estopped from prosecuting said action by reason of his failure to comply with certain provisions and conditions of said policy.

The case was tried to the court and jury, and after the introduction of all the evidence in the case, and after overruling defendant's demurrer to the plaintiff's evidence, and after overruling the motion of the defendant

for an instructed verdict, the court instructed the jury to return a verdict in favor of the plaintiff for the full amount of the policy.

Numerous assignments of error are presented, but all we deem it necessary to consider are those that relate to the propriety of the judgment and the sufficiency of the evidence to sustain it.

This being a suit for the reformation of the insurance policy, we must bear in mind the well-established rule that, in order to justify reformation of a contract, the evidence must be full, clear, unequivocal, and convincing as to the mistake and its mutuality. A preponderance of the evidence is not enough. The proof must establish the facts to a moral certainty and take the case out of the range of reasonable controversy. Cleveland v. Rankin, 48 Okla. 99, 149 Pac. 1131; Burch v. Staples, 70 Oklahoma, 174 Pac. 271; Forester v. Van Auken (N. D.) 96 N. W. 301; Ordway v. Chance et al. (N. J. Eq.) 42 Atl. 149; 34 Cyc. 915; Davis v. Keeche Oil & Gas Co., 89 Okla. 226, 214 Pac. 711.

The plaintiff was the only witness that testified in the trial of the case. It appears from the testimony that the plaintiff resided in Ardmore and was engaged in the furniture business in August, 1917, at the time the defendant company issued the fire insurance policy under consideration, and also in January, 1919, at the time all the merchandise and furniture located in the brick building was destroyed by fire; that his furniture business was located in two buildings, a brick building, running east and west, located on lot 22, block 323, which was the main building and not owned by the plaintiff; a small frame building located on lot 21, block 323, which joined the main building with "a big cut out place for the door."

It further appears that this smaller building was built and owned by the plaintiff. It further appears that the defendant insurance company had issued a policy of insurance during the year 1915 or 1916 to the plaintiff, but the evidence does not disclose whether or not said policy covered all or only a portion of said property. It does appear, however, that the conditions surrounding the property were the same as when the policy in question was issued, which the plaintiff considered a renewal of the former policy.

It further appears that the plaintiff paid the premium for one year on said policy in the sum of $22.68, and that thereafter, and during the time said policy was in force, the brick building and its entire contents,

worth $6,000 or $7,000, were destroyed by fire, but that neither the smaller building nor any part of its contents were destroyed.

Plaintiff further testified that the defendant company never paid him anything by reason of said loss. The defendant offered no evidence, although, on motion of plaintiff, a letter was admitted in evidence, which the plaintiff received from the insurance adjuster of said defendant company, wherein the plaintiff was advised that the insurance company held that the policy only covered the one-story metal-roof frame building and stock of furniture therein contained, and did not apply or contribute with the policies covered on the brick building.

A careful examination of the record convinces us that the plaintiff failed to sustain the burden cast upon him of establishing, by full, clear, unequivocal, and convincing evidence, that the mistake, if any, was mutual. In fact, there was no evidence sufficient to support the reformation of the policy under the rule above announced. This brings us to the question of whether or not the property destroyed and the loss sustained were included in the policy as issued.

The trial court, in sustaining the motion for an instructed verdict in favor of plaintiff, evidently concluded the policy, as written, included the loss, and in this we think the trial court erred. The defendant denied each and every allegation in plaintiff's petition, and this placed the burden upon the plaintiff to prove the same to the satisfaction of the jury. The test is, not had defendant offered any evidence, but are there facts in dispute, and is the evidence of such a nature that men of ordinary intelligence might arrive at different conclusions? If so, then the decision should have been left to the jury. The policy only covered the small building and its contents, "only while contained in the building and its additions above described." Did the policy cover the property located in the main building which was destroyed? The trial court must have been of the opinion that the larger building was such an addition to the smaller building as provided for in the policy, and therefore the property located therein was insured under the terms of the policy. We cannot agree with such conclusion, as the evidence was not of such a clear and convincing nature as to justify the court in directing the jury to return a verdict for the plaintiff.

This court in the case of Continental Insurance Company v. Chance, 48 Okla. 324, 150 Pac. 114, announced the following:

"Even though the defendant offers no evidence in rebuttal, where defendant has denied plaintiff's case, and the evidence intro-

duced on the part of the plaintiff to prove his case was of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it would be error for the court to instruct a verdict."

We think men of ordinary intelligence might draw different conclusions as to whether or not the property destroyed was included in the policy as issued, and that the question should have been submitted to the jury under proper instructions of the court.

For the reasons stated, the judgment of the trial court is reversed, and the case remanded for a new trial.

JOHNSON, C. J., McNEILL, V. C. J., and NICHOLSON and COCHRAN, JJ., concur.