## WALKER v. DILLS et al.

No. 14929—Opinion Filed Feb. 17, 1925.

Rehearing Denied May 5, 1925.

(Syllabus.)

1. **Reformation of Instruments—Burden of Proof—Fraud—Essentials of Actionable Fraud.**

As a general rule before a court of equity will reform a written instrument upon the grounds of fraud the plaintiff must show that a material representation has been made; that it was false; that when it was made the speaker knew it was untrue, or that it was made recklessly, without knowledge of its truth and as a positive assertion; that it was made with the intention that it should be acted upon by the one to whom it was made: that it was so acted upon by reason of the reliance placed upon it; and that damage or injury result thereby.

2. **Same—Deed Intended as Easement—Insufficiency of Evidence.**

Plaintiff executed a warranty deed conveying certain lands to defendants; before the deed was executed defendants caused the same to be prepared and delivered to plaintiff for examination and inspection; she held it several days, also presenting it to her business adviser for inspection, after which she executed and delivered it, receiving the agreed purchase price for the real estate; more than one year thereafter she brought suit to reform said deed, alleging that she understood it to be a right of way contract or an easement. Held, the evidence fails to establish the allegations of her petition.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Edith H. Walker, enrolled as Edith H. Smith, against Walter S. Dills and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Robert M. Rainey, Streeter B. Flynn, Calvin Jones, and R. M. Mountcastle, for plaintiff in error.

Ezra Brainerd, Jr., Charles P. Gotwals, and John T. Gibson, for defendants in error.

PHELPS, J. On December 30, 1922 the plaintiff in error, plaintiff below, filed her action in the district court of Muskogee county, alleging that on the 5th day of July, 1921, she executed a certain written instrument which she alleges she understood to be a contract for a right of way, or an easement, across her premises, and which she further alleges she afterwards discovered to be a warranty deed conveying the lands described in said instrument to the defendants in error, in fee; and she brings this action praying for a reformation of the instrument, decreeing it to be a right of way contract or easement, upon the grounds of fraud in its procurement. The case was tried in the district court of Muskogee county without the intervention of a jury, resulting in a judgment for defendants, from which judgment and the court's order overruling her motion for a new trial she prosecutes her appeal to this court.

Counsel on both sides have furnished us exhaustive briefs discussing the various questions involved in the action, but, as we view it, the issues are practically narrowed down to the question as to whether or not fraud was used in procuring a deed conveying the property in fee instead of merely conveying a right of way or easement across the premises in question.

From the record in the case we learn that when plaintiff was approached by defendants to purchase a 50-foot strip of land across her premises in order that defendants might have access to their properties on either side of her premises, she informed them that she was willing to sell providing she could obtain a "fancy price." After some negotiations it was agreed between the parties that the defendants should pay the sum of $500 per acre for approximately three acres embraced in the 50-foot strip of land. The record further shows that when the deed to the premises in question was prepared defendants caused it to be delivered to plaintiff, together with a blue-print showing the boundaries of the land conveyed; this deed and blue-print were left with plaintiff for several days, and in the meantime she submitted them to a Mr. Kagey, who it appears was the banker and business adviser of plaintiff, and after keeping the instruments in his possession for a day or two he returned them to her with the observation that in his judgment it would be better for her to merely lease the premises to defendants, but in the face of this opportunity for examination of the in-

strument before she executed it and in the face of the advice of her business adviser, plaintiff executed and delivered the warranty deed, received the consideration therefor, and was not heard to complain for more than a year thereafter.

Much is said in the record and briefs about the riparian rights and the sand and gravel rights of the respective parties to this action, but a careful examination of the record convinces us that there is but one question in the case, to wit: Was plaintiff by fraud, or mutual mistake, induced to execute a warranty deed instead of a right of way contract or easement? The plaintiff having voluntarily executed and delivered the instrument in question, she is presumed to have known and understood its contents and the effect of her act, and the burden is upon her to establish the fraud or mutual mistake of which she complains.

"It is the duty of one signing an instrument to ascertain its true meaning and purport and to understand its contents before so doing; and if he fails to discharge this duty, he is guilty of negligence, which ordinarily will deprive him of the relief of a court of equity on the grounds of mistake. At least he is presumptively guilty of gross negligence and the burden of proof rests on him to rebut the presumption." 23 R. C. L. 350.

In the case of Home Insurance Company v. Akers, 96 Okla. 232, 221 Pac. 493, this court, speaking through Mr. Justice Mason, said:

"We must bear in mind the well-established rule that in order to justify the reformation of a contract the evidence must be full, clear, unequivocal and convincing as to the mistake and its mutuality. A preponderance of the evidence is not enough. The proof must establish the facts to a moral certainty, and take the case out of the range of reasonable controversy. Cleveland v. Rankin, 48 Okla. 99, 149 Pac. 1131; Burch v. Staples, 70 Okla. 245, 174 Pac. 271; Forester v. Van Auken, 12 N. D. 175, 96 N. W. 301; Ordway v. Chance et al., 57 N. J. Eq. 478, 42 Atl. 149; 34 Cyc. 915."

This opinion follows the opinion of this court written by Mr. Justice Nicholson in the case of Davis v. Keechi Oil & Gas Company, 89 Okla. 226, 214 Pac. 711, where the same doctrine is laid down, both of which cases are based upon numerous and well-reasoned authorities.

In the case of Oklahoma Petroleum & Gasoline Company v. Winship, 83 Okla. 146, 200 Pac. 844, another case written by Mr. Justice Nicholson, this court held that:

"Fraud is a fact to be established by evidence as any other fact; the general rule is that before fraud can be established it must be shown that a material representation has been made; that it was false; that when it was made the speaker knew it was untrue, or that it was made recklessly without knowledge of its truth and as a positive assertion; that it was made with the intention that it should be acted upon by the one to whom it was made; that it was so acted upon by reason of the reliance placed upon it; and that damage or injury resulted thereby."

A careful examination of the record in this case fails to disclose any facts or circumstances which in our judgment bring the case at bar within the rule laid down in the above case. The evidence discloses that the plaintiff was an intelligent, educated woman and while she alleges in her petition that she is "not versed in legal transactions or the effect of conveyances," the evidence in the case leads us to the inevitable conclusion that she was thoroughly familiar with and well understood the nature and effect of the instrument she was executing. We are convinced by the record that when the instrument in question was executed both parties thereto fully understood it to be a warranty deed conveying the land therein described in fee, and that there is a total lack of evidence showing either fraud or mutual mistake. The judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.