## FIDELITY-PHOENIX FIRE INS. CO. v. FIRST NAT. BANK of MARIETTA.

No. 19561.   Opinion Filed Oct. 28, 1930.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

Wilkins & Wilkins and J. H. Hays, for defendant in error.

LEACH, C. This appeal is by the Fidelity-Phoenix Fire Insurance Company of New York, a corporation, from a judgment rendered against it in the district court of Love county in favor of the First National Bank of Marietta, Okla.

The insurance company, who was defendant below, interposed a demurrer to plaintiff's petition, and objected to the introduction of evidence in support thereof on the ground that the petition failed to state facts sufficient to constitute a cause of action. Both were overruled and the action of the trial court is assigned as error and first presented in the brief of plaintiff in error as ground for reversal.

Plaintiff alleged, in part, and in substance, that, on the 23rd day of February, 1927, Oscar T. Cochran was the owner and in possession of lot 4, block 8 in Highland addition to the city of Marietta, Okla., together with all improvements thereon consisting of a one-story shingled roof frame building residence occupied by himself and family; that on said date he applied orally to E. L. Shannon, who was the resident agent of the defendant, for insurance on all his household goods then located in said building; that on said date the defendant executed and delivered its fire insurance policy No. 5348 to the said Oscar T. Cochran, covering and insuring all of said household goods against loss by fire, and quoting from the petition:

"Said policy is hereto attached made a part hereof marked plaintiff's 'Exhibit A', except as to the description of the lot and block and addition which through an error, mistake and fault of the said E. L. Shannon incorrectly describing it as lot 4, block 5, Smith addition, which was made without the fault and knowledge of the said Oscar T. Cochran."

The petition further alleged that, on the 14th day of April, 1927, said house, together with all contents thereof, including the household goods owned by plaintiff, were totally destroyed by fire without the fault of the insured, and that at the time the building was destroyed it was still located on the lot on which it was at the time it was insured; alleged compliance with the terms and conditions of the policy; and that, on April 20, 1927, the said Cochran, for value, assigned said policy with all his rights thereunder to the First National Bank of Marietta, as shown by the indorsement on the policy, and plaintiff prayed judgment for the sum of $1,500, the amount specified in the policy.

Plaintiff in error contends that the peti-

tion was insufficient in that it failed to state how or why the alleged error in the description of the lot and block on which the dwelling was located occurred, that it did not allege the insurance agent knew the property, or where it was located, or that he did not intend to insure the property at the location described in the policy, and further failed to allege that the description of the lot in the policy was a mutual mistake of fact, or the result of fraud on the part of the agent, and that no reformation of the policy was asked for.

Cooley's Brief on Insurance (2d Ed.) vol. 2, pp. 1429 and 1476, in the chapter relating to reformation and modification of contract of insurance, is cited and quoted from by the plaintiff in error in support of his contention, wherein the general rule is stated, in substance, that a petition for reformation should allege with particularity the facts relied on and allege mutual mistake or fraud on the part of the defendant. An examination of the text and of the several cases cited thereunder will show a varied application of the general rule to the facts in each particular case. In the same chapter of the work, page 1477, following the general rule above referred to, it is stated:

"However, fraud need not be specifically and positively alleged"

—and cases are cited thereunder which show an apparent exception to the rule, or a less restricted application thereof than that asked by appellant.

"It is a well-established principle of pleading that there need be no direct allegation of a fact if the same otherwise sufficiently appears, or of a fact which is necessarily implied from other averments in the petition." Revel v. Pruitt, 42 Okla. 696, 142 Pac. 1019.

"Pleadings attacked by demurrer should be liberally construed in favor of the pleader, where material allegations are merely defectively stated and not entirely omitted." Firemen's Fund Ins. Co. v. Box, 123 Okla. 113, 252 Pac. 433.

"In an action on a fire insurance policy issued and delivered to the insured, in the absence of a motion to make more definite and certain, a petition which alleges in general terms ownership of the property by the insured is sufficient as an allegation of ownership at the time of the loss, since continuance of ownership will be presumed." Westchester Fire Ins. Co. v. McDonald, 123 Okla. 289, 253 Pac. 287.

"Where a policy of insurance does not represent the intention of the parties thereto, because of the fault or negligence of the agent writing the policy, such policy may be reformed, so as to express the contract as it was intended to be made." Phenix Ins. Co. of Brooklyn, N. Y., v. Ceaphus, 51 Okla. 89, 151 Pac. 568.

It is stated in Cooley's Brief on Insurance (2d Ed.) vol. 2, page 1468:

"It is a doctrine of some courts that where the description of the land on which a building is situated is only a nominal part of the contract, the real intention being to insure the property, without reference to the description of the particular tract on which it is located, no reformation need be had, though the policy is erroneous in that respect."

Among the cases cited as supporting the statement is that of Kansas Farmers' Fire Ins. Co. v. Saindon, 52 Kan. 486, 35 Pac. 15, 39 Am. St. Rep. 356, in which it is stated:

"Where a dwelling house is insured, and the policy by mistake misdescribes the land on which the house is situated, this will not of itself affect the risk, or render the policy void; and it is not necessary to reform the policy, in case of a loss, to recover thereon."

In the case of Phenix Ins. Co. v. Allen, 109 Ind. 273, 10 N. E. 85, it was claimed a paragraph of the complaint was had on demurrer and the court in discussing the same stated:

"If this misdescription of the location of the personal property was so written into the application without the knowledge or consent of the plaintiffs, it was a fact which they were entitled to aver in their complaint, and prove at the trial, without asking a reformation either of the application, or of the policy issued upon it. The writing into the application the alleged misdescription in question by the defendant's agent, without the knowledge or consent of the plaintiffs, estopped the defendant from setting up such misdescription as a defense to the action."

In the case of American Ins. Co. v. Jueschke, 110 Okla. 250, 237 Pac. 587, it was shown that the plaintiff, when applying for a policy of insurance on an auto, informed the agent that one Pugh held a conditional sales contract thereon, and the agent notwithstanding the full explanation to him of the status of the title to the property, designated Pugh as the assured and owner of the car in the policy and attached a loss-payable clause in favor of the plaintiff. The insurance company defended in part on the ground that the petition showed that Pugh, the person in whose name the policy was written, did not have an insurable interest in the car covered by the policy. In the body of the opinion in that case, it is stated:

"It is true that the plaintiff did not pray for a reformation of the insurance policy so as to have himself designated as the assured instead of Pugh, yet all the necessary facts were pleaded by the plaintiff to authorize and justify such reformation and the proof supports these allegations, and, under such circumstances, equity will consider as done that which should be done, and said policy will in that particular be considered as reformed, under the authority of State Mutual Insurance Co. v. Green, 62 Okla. 214, 166 Pac. 105, wherein it is held: 'Where the proof shows conclusively that there was a mutual mistake of fact, in that the insurance policy sued on contained a misdescription of the insured property by giving its location on block 5, while in truth and in fact it was situated on block 51, the court committed no error in reforming the policy to express the real intention of the parties.'

"The judgment was simply for the amount of loss, without, in express terms, adjudicating a reformation of the policy. Held, immaterial." Maher v. Hibernia Ins. Co., 67 N. Y. 283; Globe Ins. Co. v. Boyle, 21 Ohio, 119.

We are of the opinion the petition alleged sufficient facts to show mutual mistake or constructive fraud as defined by section 4997, C. O. S. 1921, which reads, in part:

"Constructive fraud consists: First. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him."

Such allegation, together with others, was sufficient, if true, to warrant relief to plaintiff, and we find no error in the action of the trial court in overruling the demurrer to the petition.

The next assignment of error presented by the appellant is based on the denial of the defendant's application for a change of venue based on the alleged bias and prejudice of the trial judge, which application was also treated as a motion to disqualify the judge. Such ruling, together with other conduct and ruling of the trial court during the trial of the cause, is alleged to have prevented the company from having a fair and impartial trial.

A similar application and motion to disqualify the judge was made and presented by the defendants in the case of Twin City Fire Ins. Co. and Nat. Fire Ins. Co. v. First Nat. Bank of Marietta, No. 19562, 145 Okla. 293, 292 Pac. 833, this day decided. That action grew out of and involved the alleged destruction by fire of the dwelling house wherein were kept the household goods, the value of which is involved in the instant case, and both losses are alleged to have occurred at the same time and by the same fire. The plaintiff is the same in each case, but the policies of insurance were issued by different companies. The motion to disqualify the judge in the instant case is based on the same remarks and statements relied on in the other case above referred to and such statement and the response of the trial judge thereto are the same in each case, and we do not deem it necessary to set them out herein. As stated in our opinion in the other action, this day decided, we do not consider the previous statement of the judge in the Carter county case, standing alone and when considered in connection with the response thereto, sufficient to disqualify the court in the present action.

It is urged, however, by counsel for plaintiff in error that certain conduct and ruling of the court during the progress of the trial, when considered with the previous statement, clearly shows that the court was prejudiced against the defendant and that it was thereby prevented from having a fair and impartial trial.

The ruling and conduct complained of relate to the action of the court in excluding from the rule as a witness a Mr. Cochran to whom the policies here involved were issued; that the court ordered, without request on the part of the litigants, that an adjuster of the insurance company, who was sitting in the court room, be sworn and put under the rule, and otherwise took active and unwarranted part in the examination of witnesses.

The ruling and conduct of the court during the progress of the trial in this cause and here complained of is not identical with those in the case of Twin City Fire Ins. Co. v. First Nat. Bank of Marietta, No. 19562, supra, but the same question of bias and prejudice was therein presented, and we consider the authorities, statement, and rule therein set out applicable and controlling to the issue in the instant case.

We deem it sufficient to say, without discussing in detail the ruling and acts complained of, that we are of the opinion and conclude that the trial judge should have granted the motion to disqualify on account of bias and prejudice, and that the judgment should be reversed and cause remanded with directions to sustain the motion.

The next assignment of error, No. 7, presented and argued in the brief of plaintiff in error is that the court erred in overruling

its demurrer to the evidence of plaintiff below.

It is first argued by appellant that the evidence is insufficient to warrant a reformation of the policy of insurance and to meet the rule announced in Home Ins. Co. v. Akers, 96 Okla. 232, 221 Pac. 493, which was an action for the reformation of a fire insurance policy, wherein it was held that the evidence in such a case must be full, clear, unequivocal and convincing as to the mistake and its mutuality. There is a marked difference between the facts in that case and the present one, but, assuming that the facts in the instant case require application of the rule there announced, then we conclude the evidence is sufficient under the rule.

The evidence of the assured, Oscar T. Cochran, respecting the insurance policy was, in part and to the effect, that he had lived in Marietta 25 years; that on April 14, 1927, he was the owner of a house and lot in the south part of town; that his furniture in the house was insured, and he was asked the following questions and answered:

"Q. From whom did you buy the policy? A. E. L. Shannon. Q. When did you insure it first? A. When I first insured it, it must have been—I have been carrying it a long time. Q. Who handled it? A. Shannon. Q. Did you buy the policy from E. L. Shannon covering that furniture on or about the 23rd day of February, 1927? A. I think so, along about that time. * * * Q. State what that is. A. Insurance policy on the household stuff. Q. What company issued it? A. The Fidelity-Phoenix. Q. When did you first see this policy? A. About three or four days after the fire. Q. Where did you get it? A. At Mr. Shannon's office. Q. Did you make application to him in writing for the policy? A. I said, 'Renew it.' Q. Did he have the old policy then? A. Yes, sir. Q. Did you authorize Mr. Shannon to put lot 4, block 5, Smith addition in this policy? A. No, sir. (By the Court): State what was said and done. A. Mr. Rubish carried it until Shannon bought him out and I was in the habit of them rewriting it and they did this, and I said you watch my insurance and renew it. Q. Did you pay for this policy? A. Yes, sir. Q. Where, in fact, was your house? A. On lot 4, block 8, Highland addition. Q. Was Mr. Shannon ever down to your house that was on lot 4, block 8, Highland addition to Marietta? A. Yes, sir, he taken me down there when I bought the place. * * * Q. When did you first learn that this description as it is was in this policy? A. After the fire. * * *"

Such testimony by the witness was not challenged or denied. There was other evidence respecting the property and its value sufficient to support the verdict of the jury thereon.

We think it conclusive from all the evidence that the policy holder intended to obtain and the insurance agent intended to issue a policy of insurance on the household goods then located in the residence occupied by the property owner. The kind of description of the building in which the household goods were located, both in the policy and in the petition and evidence, was the same, the only difference being as to its location. There is no evidence indicating that the owner misled the agent as to the location of the property, or that it was located elsewhere than testified by the assured. The policy remained in the possession of the agent after its issuance.

Under the evidence shown, if the agent did not know the correct location of the property, he should have ascertained it and drawn the policy accordingly. In such a case the insurer will be presumed to have acted on its own knowledge and to have waived any forfeiture clause covering misdescription in the policy as to location of the property. Murphey v. Liverpool & London & Globe Ins. Co., 89 Okla. 207, 214 Pac. 695; N. W. Ins. Co. v. Chambers (Ariz.) 206 Pac. 1081.

Attention is further called to the fact that no reformation of the policy was asked for in the petition, and no judgment of reformation was rendered or entered. Assuming, without deciding, that a reformation of the policy was necessary in order to entitle plaintiff to a recovery, the failure to ask for a reformation and obtain a formal entry of judgment to that effect, will not affect or warrant a reversal of the cause as was so held in Am. Ins. Co. v. Jueschke, supra; and Globe Ins. Co. v. Boyle, supra, and Maher v. Hibernia Ins. Co., supra.

For the reasons hereinbefore stated, we are of the opinion that the trial court should have granted the motion to disqualify the judge on account of bias and prejudice, and for such reason alone, the judgment is reversed and cause remanded for further proceedings in accord with the views herein expressed.

BENNETT, REID, EAGLETON, and HERR, Commissioners, concur.

By the Court: It is so ordered.