### AMERICAN INSURANCE CO. v. JUESCHKE.

No. 15362—Opinion Filed June 16, 1925.

1. **Insurance — Automobiles — Condition of Title — Knowledge of Agent Imputed to Insurer.**

Where an applicant for insurance on an automobile fully advises the soliciting agent of the company as to the true status of the legal title to said automobile and of the interest of the applicant therein, and the agent, acting within the scope of his authority, accepts the premium from the applicant and agrees to execute and deliver the policy, the knowledge acquired by such agent as to the title to the automobile will be imputed to the insurance company issuing the policy.

2. **Same—Validity of Policy in Name of Owner of Equitable Interest.**

Where the soliciting agent of the insurance company, with full knowledge of the status of the title to an automobile, as set out in the first syllabus herein, and while acting in the usual course of his duties as such agent, executes a policy in the name of a third person having only an equitable interest in the automobile, the insurance company is estopped to defend in an action on the policy, on the ground that the legal title was not in the name of the assured.

**3. Same — Mistake — Policy Deemed Reformed.**

Where the proof shows conclusively that there was a mutual mistake of fact, in that the owner of an equitable interest in an automobile was designated as the assured instead of the plaintiff, the owner of the legal title, who made application for insurance to protect his interest in the car, the plaintiff was entitled to have the policy reformed to express the real intention of the parties, and, under such circumstances, the court will deem such policy to have been reformed in an action by the plaintiff to recover on the policy.

**4. Same—Theft Insurance—Action on Policy—Plaintiff's Burden of Proof—Failure of Evidence.**

In an action on an insurance policy to recover for the alleged theft of an automobile, the burden of proof is on the plaintiff to establish by a preponderance of the evidence that such automobile was stolen. Held, that the plaintiff failed to sustain this burden of proof.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by Charles Jueschke against the American Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Dan Huett and Ross & Thurman, for plaintiff in error.

Harry O. Glasser and Nathan Scarritt, for defendant in error.

Opinion by JARMAN, C. The second amended petition, upon which this case was submitted on the part of the plaintiff, Charles Jueschke, alleges that the plaintiff was engaged in the automobile business at Enid, and, on May 4, 1921, sold to one J. L. Pugh a certain Chalmers car, on which Pugh paid part cash and gave his note for the balance, and, at the same time and as a part of the same transaction, a conditional sales contract was entered into between the parties whereby the legal title to the car was retained in the plaintiff until the balance of the purchase price should be paid, which conditional sales contract was filed for record in the office of the county clerk of Garvin county on May 5, 1921; that thereafter the plaintiff applied to Mr. Dillingham, an insurance agent, for insurance on said car, and advised Dillingham fully and correctly as to the status of the title to said car, and Dillingham, not desiring, for some reason, to issue the policy of insurance himself, procured the same to be issued by a Mr. Lee, the soliciting agent of

the defendant herein, the American Insurance Company; that, prior to the issuance of said insurance policy, Lee was fully advised by Dillingham as to the exact status of the title to said car; that, in issuing said policy, Lee designated Pugh as the assured and as the owner of said car and attached to said policy a loss payable clause, wherein it was provided that any loss under the policy proved to be due the assured shall be payable to said assured and to the plaintiff, Charles Jueschke; that, in consideration for the execution and delivery of said policy of insurance, the plaintiff paid to the agent of the defendant the premium in the sum of $36.90 which was delivered to and retained by the defendant; that thereafter, and on September 10, 1921, said car was stolen and the plaintiff was deprived of the ownership and benefit thereof; that the balance of the purchase price on said car had not been paid to the plaintiff, and that legal title to said car was in the plaintiff at the time the same was stolen. The plaintiff further alleges that Pugh, after purchasing said car and executing the conditional sales contract to the plaintiff, undertook to execute a mortgage on said car to the American State Bank of Covington, without the knowledge, consent, or authority of the plaintiff, and that the said mortgage was void for the reason that Pugh had no interest in the car which he could mortgage, the title to the same being in the plaintiff, and that, therefore, the said bank did not procure a lien upon said car which affected the insurance; that, after said car was stolen, the plaintiff notified the agent of the defendant thereof, and thereafter a representative of the Bates Adjustment Bureau, acting as agent of the defendant, made an investigation of the loss, and, for and on behalf of the defendant, denied any liability under the policy on grounds other than the failure of the plaintiff to furnish proof of loss as provided by the terms of the policy, and thereby waived the provision of said policy requiring the furnishing of proof of loss. The plaintiff prayed for judgment for the amount of said insurance. The defendant interposed a demurrer to said second amended petition which was overruled and exceptions were duly saved, and thereafter the defendant filed its answer. The cause was tried to a jury, resulting in a verdict and judgment in favor of the plaintiff.

The first proposition urged by the defendant is that the trial court erred in not sustaining the demurrer to the second amended petition for the reason that said

petition shows that Pugh, the person in whose name the policy was written, did not have an insurable interest in the car covered by the policy.

The evidence clearly shows that the object of Jueschke in making application for insurance was to protect his interest, and not for the protection of the equitable interest of Pugh, in the car, and the premium was paid by the plaintiff and accepted and retained by the defendant with this understanding. The soliciting agent of the company, who executed, issued, and delivered the policy, fully understood this situation and was fully advised as to the legal status of the title to the car at the time said policy was executed by him, and understood that the application of the plaintiff for insurance on said car was for the protection of the plaintiff's interest, and under the rule announced by this court in the case of State Mut. Insurance Co. v. Green, 62 Okla. 214, 166 Pac. 105, the defendant is bound by the notice given to its soliciting agent, and is estopped to defend any action on the policy on the ground that the plaintiff is not the assured under the terms of the policy and to contend that Pugh is the assured, having no insurable interest in the car.

The defendant next contends that the amended petition fails to state a cause of action for the reason that it shows that Pugh mortgaged the car to the Covington State Bank after the policy was executed and delivered, which was in violation of one of the material conditions of the policy rendering the same void and that, therefore, said petition fails to state a cause of action.

Without going into a detailed discussion of this proposition, it is sufficient to say that if the plaintiff caused a policy of insurance to be issued on the property in question for his benefit, and the soliciting agent, representing the company, designated Pugh as the assured instead of the plaintiff, and thereafter Pugh attempted to incumber the car by a mortgage, without the knowledge of the plaintiff, certainly the rights of the plaintiff under the policy could not be affected by such act. If such were true, then any one insuring his property could have his rights under his policy defeated by a third person attempting to place a mortgage thereon. It is true that the plaintiff did not pray for a reformation of the insurance policy so as to have himself designated as the assured instead of Pugh, yet all the necessary facts were pleaded by the plaintiff to authorize and justify

such reformation and the proof supports these allegations, and, under such circumstances, equity will consider as done that which should be done, and said policy will in that particular be considered as reformed, under the authority of State Mutual Insurance Company v. Green, supra, wherein it is held:

"Where the proof shows conclusively that there was a mutual mistake of fact, in that the insurance policy sued on contained a misdescription of the insured property by giving its location on block 5, while in truth and in fact it was situated on block 51, the court committed no error in reforming the policy to express the real intention of the parties."

The next contention of the defendant is that the proof of the plaintiff wholly fails to show that the car in question was stolen, and that, therefore, the court erred in not sustaining the demurrer of the defendant to the evidence of the plaintiff and directing a verdict for said defendant. We have carefully examined the record on this proposition and agree with the defendant that the plaintiff has wholly failed to offer any evidence showing, or tending to show, that said car was stolen. The thing that the plaintiff was insured against was theft of the car, and its loss by any other method, except by fire, which was covered by the policy, did not render the defendant liable and, therefore, the burden rested upon the plaintiff to affirmatively show that said car was stolen.

The evidence shows that the car disappeared from the streets of the town of Garber on the night of September 10, 1921. There is nothing to show who took the car to Garber or in whose possession the same was at the time; that Mr. Pugh, who had theretofore been in possession of the car, was not in Garber on this night but was working on an oil well; that the first information the plaintiff had of the disappearance of the car was on the following morning about eleven o'clock when he was notified by 'phone of its disappearance; that the plaintiff then notified the agent of the company, and thereafter a representative of the Bates Adjustment Bureau, acting as the agent of the defendant, called upon the plaintiff at Enid and advised that the car had been found near the town of Yale, Okla., by the side of the M. K. & T. Ry. Company's track in a wrecked condition, and that the car had been put there by Pugh, and that the company was not going to pay for it. The plaintiff further testified, over objection of the defendant, that this representative of the Bates Adjustment Bu-

reau advised the plaintiff that he was advised by the train crew of the passenger train that the car was knocked off of the track by their train and that they, the crew, went back after striking the car and examined it and found that the engine was all broken up. The plaintiff testified that he never saw the car after it disappeared, was never able to locate it nor find any one who knew anything about it, and he had no personal knowledge concerning the same and the only thing he knew about its disappearance was what he had been informed. Mr. Lee testified that the state agent for the insurance company called on him and stated there would be no adjustment of the loss, and assigned as one of the reasons that the car had been placed on the track by some one. Mr. McConnell, the representative of the Bates Adjustment Bureau, testified that he made an investigation as to the loss of the car and that Mr. Pugh was not in Garber on the night the car disappeared, but was drilling an oil well at that time. There was introduced in evidence, by the plaintiff, copy of a letter which Mr. McConnell wrote to the defendant on November 9, 1921, in making his report of the investigation conducted by him as to the loss of the car, in which he advised the defendant that he went to Yale and found and identified the car, in question, in the hands of the night watchman there, and from others found that the car had been placed on the railroad track and was struck by passenger train No. 123 on the morning of September 10, 1921.

This evidence wholly fails to show that the car was stolen, but, on the contrary, the reasonable deduction to make from this evidence is that the car was not stolen for it is not reasonable to believe that a person would steal the car and then place it on the railroad track to be wrecked. The person who drove the car to Garber on this occasion should know whether the car was stolen, and Mr. Pugh, who had theretofore used the car and had possession of the same, should know something about the manner in which this car disappeared, and no reason is assigned in the record as to why Pugh, or the party who drove the car to Garber, did not testify at the trial in the lower court.

The trial court erred in not sustaining the demurrer of the defendant to the evidence of the plaintiff for the reason that the plaintiff wholly failed to prove that said car was stolen.

Judgment of the trial court is reversed.

and the cause remanded for a new trial.

By the Court: It is so ordered.