## HOME INSURANCE CO. v. PAUL.

No. 17882.  Opinion Filed Dec. 6, 1927.

(Syllabus.)

1. **Insurance—Pleading—Action on Theft Insurance Policy—Reply More Specifically Alleging Waiver of Proof of Loss not a Departure.**

In an action upon an insurance policy insuring plaintiff against loss by theft, containing a clause requiring proof of loss to be furnished insurer within 60 days after loss, where the petition alleges proof of loss and also alleges waiver of such proof, within the 60 days, and answer specifically denies that proof of loss was furnished. more specific allegations of waiver of such proof in the reply do not constitute a departure.

**2. Same—Larceny by Fraud—Renting an Automobile with Intent to Steal.**

Where one obtains possession of an automobile from another, under pretense of renting it for a short time, having at the time the intention not to return same, but intends to appropriate the same to his own use and deprive the owner thereof, and does so appropriate it, such act constitutes larceny accomplished by fraud.

**3. Same—Finding as to Intent.**

A finding by the trial court that the taking of an automobile under guise of hiring same constitutes larceny by fraud necessarily includes a finding of fraudulent intent at the time of obtaining possession thereof.

**4. Insurance—Theft Insurance Policy Held to Insure Against Larceny of Automobile by Fraud.**

An insurance policy insuring against loss by theft, containing an indorsement, providing: "In consideration of an additional premium of $4.50," permission is granted for the automobile described in the policy to which this indorsement is attached, to be rented, leased, or used for carrying passengers for compensation, held to insure against larceny by fraud by one obtaining possession thereof under pretense of hiring or renting same.

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; E. A. Summers, Judge.

Action by Joe Paul against the Home Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Rittenhouse & Rittenhouse, for plaintiff in error.

Kelly Brown, for defendant in error.

DIFFENDAFFER, C. This is an action on an automobile insurance poilcy, whereby plaintiff was insured upon an automobile against certain perils, among which were: "Theft, robbery, or pilferage, except by any person or persons in assured's service or employment * * * and excepting also the wrongful conversion, embezzlement, or secretion by a mortgagor or vendee in possess'on under mortgage, conditional sale or lease agreement."

The policy contained what was termed a "livery and renting automobile indorsement" attached as follows:

"In consideration of an additional premium of $4.50, permission is granted for the automobile described in the policy to which this indorsement is attached, to be rented, leased, or used for carrying passengers for compensation. * * *"

The loss alleged is theft. The defense was failure to furnish proof of loss within the 60 days as provided in the policy, and that the person taking the automobile from plaintiff did not obtain same by theft, robbery or pilferage. It is also urged that plaintiff's allegation of waiver of proof of loss in his reply, after having alleged in his petition full compliance with the terms of the policy, and the furnishing of such proof, being a departure, should have been stricken on motion. The latter contention could be upheld, were there no allegations of waiver in the petition. Springfield, etc., Co. v. Holsey, 34 Okla. 383, 126 Pac. 237; Merchants & Planters Ins. Co. v. Marsh, 34 Okla. 453, 125 Pac. 1100; Gage v. Connecticut Fire Ins. Co., 34 Okla. 744, 127 Pac. 407; National Fire Ins. Co. v. Nichols, 85 Okla. 24, 204 Pac. 272.

The petition alleges that the automobile was stolen on the 15th day of November, 1924, and in paragraph 4 alleges:

"That notwithstanding said insurance policy, or contract, and the obligation of defendant to pay the loss occurring to this plaintiff, said defendant did, on the 5th day of December, 1924, refuse to make payment of the amount provided for in said policy, or any sum whatever, and denied liability under said policy and refused to comply with the same, and still so refuses and neglects to perform its contract."

This was substantially, if not specifically, an allegation of waiver. It is the right of plaintiff to plead a compliance with the policy by furnishing proof of loss, and also a waiver thereof, and rely upon that which the evidence establishes. Continental Ins. Co. v. Chance, 48 Okla. 324, 150 Pac. 114; Warshawky v. Anchor Mut. Fire Ins. Co. (Iowa) 67 N. W. 237; Atlas Assurance Co., Ltd., v. Leonard, 108 Okla. 771, 234 Pac. 771.

The letter from defendant to plaintiff, dated December 5, 1924 (20 days after the date of the loss), in evidence, is:

"You are hereby advised that the Home Insurance Company of New York * * * here and now denies any and all liability to you or any one claiming through or under you upon or by virtue of its said insurance poilcy No. A. U. 1513, heretofore issued to you by the company's Checotah, Oklahoma agency, and you will govern yourself accordingly."

Denial of liability within the time allowed for furnishing proof of loss, on other grounds, waives such proof. Springfield Fire & Marine Ins. Co. v. Donahue, 87 Okla. 78, 209 Pac. 442. See, a'so, American Nat. Ins. Co. v. Donahue, 54 Okla. 294, 153 Pac.

819, and Continental Ins. Co. v. Chance, 48 Okla. 324, 150 Pac. 114.

The evidence discloses that, at the time of the loss, plaintiff was engaged in the business of renting automobiles for hire; that is, renting automobiles to persons to drive themselves, no driver being furnished by plaintiff; that on the 15th day of November, 1924, one Sam Bowers came to plaintiff's place of business and represented to plaintiff that he desired to rent an automobile for two hours for the purpose of driving across the river to see his mother. He deposited the usual cash deposit of $10, took the car, and drove away. The car was not returned, and plaintiff immediately notified the sheriff and police officer and went across the river and searched for the car and driver. No trace of the car was found, and it was never returned, and Bowers was not seen. Next day plaintiff notified the insurance agency of the loss.

It is contended by defendant that Bowers did not obtain possession of plaintiff's property by theft, robbery or pilferage, and, therefore the loss does not come within the risk insured against.

Defendant in its brief concedes that theft, robbery, and pilferage is comprehended in larceny.

"Larceny is the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof." Section 2101, C. O. S. 1921.

If at the time Bowers obtained possession of the automobile he had the intent not to return it, but to convert it to his use and permanently deprive the plaintiff thereof, then he was guilty of larceny perpetrated by fraud, within the meaning of the statute. Flohr v. Terr., 14 Okla. 477, 78 Pac. 565.

The trial court in passing upon defendant's demurrer to the evidence said:

"The record may further show and the court is of the opinion and holds that the taking of the car under the facts shown in the evidence in this case would constitute a clear case of larceny by fraud under our statute."

This necessarily included a finding that Bowers intended, at the time he secured possession of the automobile, not to return it, and to deprive the owner thereof. We think the evidence supported this finding. The case having been tried to the court without a jury, its findings of fact are given the same force and effect as a verdict of a jury, and will not be disturbed on appeal where there is any evidence reasonably tending to support such finding.

It is contended that the policy does not cover theft of the insured automobile by one obtaining possession thereof in the manner shown in the evidence.

The perils excepted under clause C of the policy as not insured are:

"Excepting also wrongful conversion, embezzlement or secretion by a mortgagor or vendee in possession under mortgage, conditional sale or lease."

It is urged that under this clause four classes of persons are included, viz.: (1) A mortgagor; (2) a vendee under a mortgage; (3) one in possession under a conditional sale; and (4) one in possession under a lease agreement or rental contract.

We think the clause is not susceptible of this construction. It is apparent that but two classes of persons are intended to be excepted viz.: (1) A mortgagor in possession under a mortgage, and (2) a vendee in possession under either a conditional sale contract or lease agreement.

It is well known that conditional sales are often made and evidenced by what is termed a "lease agreement," whereby the vendor leases the property to the vendee, and upon the payment of certain stipulated sums as rentals, title passes to the vendee, but reserving title in the vendor until such sums are paid in full.

The livery and renting automobile indorsement, or "rider," for which plaintiff paid an additional premium of $4.50 specifically granted permission to plaintiff to rent, lease or use the automobile for carrying passengers for hire. This indorsement or rider was attached to the policy at the time it was issued, and after plaintiff had explained to defendant's agent the nature of his business and the use to which the automobile would be put, and we think it fully covered the character of risk here involved.

The judgment should be affirmed.

BENNETT, HALL, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 33 C. J. p. 91, §805; 31 Cyc. p. 256. (2) 36 C. J. p. 751, §55; anno. 26 A. L. R. 390; 17 R. C. L. p. 17; 5 R. C. L. Supp. 931; 6 R. C. L. Supp. p. 999. (3) 4 C. J. p. 778, §2728; 9 C. J. p. 1100, §15 (Anno.). (4) 9 C. J. p. 1096, §7; anno. 14 A. L. R. 215; 19 A. L. R. 171; 24 A. L. R. 740; 30 A. L. R. 662; 38 A. L. R. 1123; 46 A. L. R. 534.