## WORLD FIRE & MARINE INS. CO.
## v. SNYDER.

No. 30337. Feb. 10, 1942.

Rehearing Denied March 3, 1942.

*122 P. 2d 812.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for plaintiff in error.

B. H. Carey, of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal from a judgment rendered on a verdict of a jury. The action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover for loss and damage alleged to have been sustained under the theft provision of a comprehensive automobile insurance policy which excluded perils incident to collision and upset other than those included in the provision against theft. The facts as reflected by the record will be briefly stated. On August 12, 1939, the defendant issued and delivered to the plaintiff a standard automobile insurance policy carrying comprehensive coverage excluding collision and upset save in cases where resulting damage was caused by theft. On October 28, 1939, plaintiff drove said automobile to the city of Ft. Smith, Ark., and delivered the same to the employees of the hotel where he registered as a guest. The following day plaintiff removed from said hotel to another one in the same city and had his automobile transferred from the parking lot where it was located to the parking lot of the hotel in which he was then a guest. On the night of October 29, 1939, plaintiff's automobile was removed from the lot on which it was located by a bellboy employed by the hotel in which plaintiff was a guest, and said bellboy in company with another negro drove

the automobile out of the State of Arkansas and into the State of Oklahoma and wrecked the same near the town of Vian. The bellboy testified that plaintiff had loaned him the automobile, and that he never had any intention of stealing the same, but always intended to return the automobile to the place from which he had taken it. The plaintiff made demand upon the defendant for payment of loss so sustained, and when liability was denied instituted this action. Trial was had to a jury. Demurrer of defendant to the evidence of plaintiff and motion for directed verdict in favor of defendant were overruled and denied. The jury returned a verdict in favor of the plaintiff and assessed his recovery at the full amount of damage which he alleged he had sustained. Motion for new trial was overruled and defendant has perfected this appeal. As grounds for reversal of the judgment below, the defendant submits three propositions, which may be thus summarized:

"(1)  The evidence was insufficient to establish a theft of the automobile.

"(2)  The court erred in refusing a certain instruction and in giving other instructions.

"(3)  The failure of plaintiff to render his claim for taxation under the Intangible Tax Law, art. 4, ch. 66, S. L. 1939, 68 Okla. St. Ann. § 1501, barred a recovery."

The first proposition submitted by the defendant presents the vital issue for determination, involving as it does the sufficiency of proof required to constitute a theft within the meaning of an insurance policy. There exists a decided lack of harmony in the decisions of various jurisdictions as to the degree of proof which should be required in such a situation, the majority view being that the proof should establish the existence of animus furandi on the part of the taker, and that if the taking is with animo revertendi, there can be no recovery. See Annotations 14 A.L.R. 215; 19 A.L.R. 171; 24 A.L.R. 740; 30 A.L.R. 663; 38 A.L.R. 1124; 46 A.L.R. 536; 89 A.L.R. 466. See, also, American Ins. Co. v. Jueschke, 110 Okla. 250, 237 P. 585. However, we have likewise adhered to the proposition that where the evidence shows a taking and an asportation under circumstances from which it might be reasonably and fairly deduced there existed animus furandi on the part of the wrongdoer, then the question of intent becomes a matter of fact for determination by the trier of the facts. See Home Ins. Co. v. Paul, 128 Okla. 142, 261 P. 927; California Ins. Co. v. Security State Bank, 136 271, 277 P. 591; Security Ins. Co. of New Haven, Conn., v. McAlister, 139 Okla. 176, 281 P. 766.

In the case at bar the evidence of plaintiff tended to establish all of the requisites of larceny, and that the injury and damage occurred in the course of the asportation of the automobile involved. This was denied only with respect to the element of intent, the evidence of the defendant being sufficient to show the existence of an intent on the part of the taker to return the property to the plaintiff after a temporary use. This presented a conflict in the evidence and thus a question of fact for determination by the jury. The jury resolved the conflict in favor of the plaintiff and against the defendant, and we are unable to state from all of the facts and circumstances surrounding the transaction that such conclusion was not a proper one. The contention of the defendant that the evidence of plaintiff was sufficient merely to raise an inference which was dispelled by the testimony of the wrongdoer that the taking had been with the consent of the plaintiff is not tenable under the circumstances here presented.

The defendant next contends that the court erred in refusing to give a certain requested instruction and erred in giving other instructions. The contention so made is wholly lacking in merit. The court gave the requested instruction, and the defendant now, in effect, complains that the instruction was not sufficiently full and definite. This amounts to an attempt to predicate error upon a different theory from that embodied in

the instruction requested, and is not permissible. See Carter Oil Co. v. Kennedy, 137 Okla. 168, 278 P. 640. With reference to the other instructions, the defendant urges that while they are substantially correct, they are too favorable to the plaintiff, but no particular vice in any of said instructions is pointed out or presented, and under these circumstances there is nothing presented for review insofar as said instructions are concerned. See Holmes v. Evans, 29 Okla. 373, 118 P. 144; First State Bank v. Lattimer, 48 Okla. 104, 149 P. 1099.

Finally, it is contended that the failure of the plaintiff to show compliance with the requirements of the Intangible Personal Property Act, art. 4, ch. 66, S. L. 1939, 68 Okla. St. Ann. § 1501, required a dismissal of plaintiff's cause of action. The basis of this contention seems to be the claim that the demand of plaintiff becomes a liquidated one when the loss and damage to the automobile occurred. We are of the opinion that, on the contrary, in view of the fact that the defendant denied all liability whatsoever and the amount of plaintiff's recovery was dependent upon proof of the extent of the damage, the plaintiff's claim was an unliquidated demand, and therefore not within the provisions of the act cited, supra. This accords with the view which we arrived at in the case of Lumbermen's Supply Co. v. Neal, 189 Okla. 544, 119 P. 2d 1017.

The respective contentions of the defendant present no reversible error, and therefore the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. GIBSON and ARNOLD, JJ., absent.