how much is due; made certain by agreement of the parties or by operation of law.' "

For other definitions see vol. 25 Words & Phrases (Perm. Ed.) p. 336 et seq., and vol. 43 Words & Phrases (Perm. Ed.) p. 321 et seq.

It is unnecessary to define or determine the exact nature of the claim or demand involved herein. Suffice it to say that the same is an unliquidated demand and that the above cited provisions of the Intangible Personal Property Tax Law have no application.

Having taken this view of the matter, it is unnecessary to consider the other propositions presented.

The judgment is affirmed.

WELCH, C. J., and RILEY, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. CORN, V. C. J., and DAVISON, J., absent.

A. W. Billings, of Woodward, for plaintiff in error.

Mauntel & Spellman, of Alva, and Reuben K. Sparks, of Woodward, for defendant in error.

OSBORN, J. The issues of law and fact involved herein are identical with the issues presented in Leslie Nelson and Mary Nelson v. Zahn Grain Co., 191 Okla. 181, 127 P. 2d 803, this day determined by this court.

Upon the authority of that decision, the judgment in the instant case is affirmed.

WELCH, C. J., and RILEY, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. CORN, V. C. J., and DAVISON, J., absent.

NELSON v. ZAHN GRAIN CO.

No. 30564. June 9, 1942.

Rehearing Denied June 30, 1942.

*127 P. 2d 805.*

ALLEN, County Treas., v. PHILPIN.

No. 30209. June 30, 1942.

*127 P. 2d 839.*

