## HANOVER FIRE INS. CO. OF NEW YORK v. WESTERN BANK & OFFICE SUPPLY CO.

No. 32321. March 25, 1947.

178 P. 2d 883.

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for plaintiff in error.

Keaton, Wells, Johnston & Lytle, of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal by defendant, Hanover Fire Insurance Company of New York, a corporation, from a judgment rendered against it in favor of plaintiff, Western Bank & Office Supply Company, for a loss by reason of damage to a truck owned by plaintiff and insured by the defendant. At the conclusion of the evidence both parties moved for a directed verdict, and the court directed a verdict for the plaintiff.

The evidence is, in substance, without conflict. The plaintiff owned a delivery truck operated in connection with its business as an office supply company. The defendant issued a policy of insurance on this truck and the policy, among other things, insured plaintiff against larceny, theft and pilferage. Wylie White, a young employee, was delivery boy for plaintiff and operated the truck for deliveries. The regular deliveries for the week ended at noon Saturday. It was the duty of Wylie White to take the delivery truck and place it in a garage at the conclusion of his deliveries on Saturday. The statement by Wylie White is that he took the truck to the Morrison garage at approximately 1 o'clock on Saturday afternoon on May 13, 1944. There was not room to place the truck inside the garage and he parked it in the alley close to the rear door of the garage. He took the ignition key with him. He came back late in the afternoon of the same day and drove the truck to his home east of Spencer, Okla. On the same evening he came back to Oklahoma City, picked up some of his acquaintances and went on a joy ride. Somewhere east of Oklahoma City

one of his companions took the wheel and Wylie went to sleep in the back of the truck. The truck was driven off the road and overturned, sustaining the damage involved in the litigation and for which judgment was rendered. The boys called the highway patrol and the truck was delivered by the highway patrol to Clary's garage on East 23rd street. The following Monday morning Wylie White appeared at plaintiff's place of business and drew his pay and quit. During the conversation incident to obtaining his pay he was asked where the truck was and he replied that it was at the garage and that it had a flat tire. He did not tell the employee of plaintiff that it was at Clary's garage. The plaintiff used the Morrison garage for its place of storage and had not authorized the truck to be delivered to Clary's garage. The uncontroverted statement of Wylie White is to the effect that he took the truck without the permission of plaintiff and against the specific instructions of plaintiff. He further stated that he did not intend to steal the truck but intended to return it to the Morrison garage at the conclusion of the trip for which it was taken. Plaintiff did not discover that the truck had been left at Clary's garage until some few days after the accident.

The first contention presented by the defendant is that the trial court erred in directing a verdict for the plaintiff. With this contention we agree. As stated in World Fire & Marine Ins. Co. v. Snyder, 190 Okla. 271, 122 P. 2d 812, there exists a decided lack of harmony in the decisions of various jurisdictions as to the degree of proof which should be required in such a situation, the majority view being that the proof should establish the existence of animus furandi on the part of the taker and that if the taking is with animo revertendi there can be no recovery.

The cases dealing with this principle are collated exhaustively and analyzed in annotations at 14 A.L.R. 215; 19 A.L.R. 171; 24 A.L.R. 740; 30 A.L.R. 663; 38 A.L.R. 1124; 46 A.L.R. 536; 89 A.L.R. 466; 133 A.L.R. 920; 152 A.L.R. 1100.

We have expressed a similar rule in American Ins Co. v. Jueschke, 110 Okla. 250, 237 P. 585; and a somewhat similar application of the rule was made in Home Ins. Co. v. Paul, 128 Okla. 142, 261 P. 927.

Defendant next argues that under the doctrine expressed in these cases it was the duty of the trial court to direct a verdict for the insurance company. We cannot agree with this contention. In World Fire & Marine Ins. Co. v. Snyder, supra, we said:

"However, we have likewise adhered to the proposition that where the evidence shows a taking and an asportation under the circumstances from which it might be reasonably and fairly deduced, there existed animus furandi on the part of the wrongdoer, then the question of intent becomes a matter of fact for determination by the trier of the facts."

We are of the opinion, and hold, that the evidence shows, under all of the facts and circumstances, a taking and an asportation which requires the case to be submitted to the jury. Mullany v. Firemen's Ins. Co., 206 Minn. 29, 287 N.W. 118; Kovero v. Hudson Ins. Co., 192 Minn. 10, 255 N. W. 93; Home Ins. Co. v. Mathis, 109 Ind. A, 25, 32 N.E. 2d 108.

As suggested in World Fire & Marine Ins. Co. v. Snyder, supra, there are cases such as Baker v. Continental Ins. Co., 155 Kan. 26, 122 P. 2d 710, adopting a different rule. These cases might, under similar circumstances, authorize a directed verdict for the defendant. Several of these cases are cited in the brief of defendant. They are contrary to the rule announced in World Fire & Marine Ins. Co. v. Snyder, supra, which is the majority rule.

The cause is reversed and remanded, with directions to the trial court to set aside the judgment entered for the plaintiff and grant a new trial.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.