HOME FIRE & MARINE INS. CO. v.
E. V. McCOLLUM & CO.

No. 33418.   July 5, 1949.

*207 P. 2d 1094.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for plaintiff in error.

Ownby & Warren, of Tulsa, for defendant in error.

JOHNSON, J. This is an appeal from the common pleas court of Tulsa county, Okla., to reverse a judgment rendered by said court against the plaintiff in error, Home Fire & Marine Insurance Company, as defendant, and in favor of the defendant in error, E. V. McCollum & Company, as plaintiff. Hereafter the parties will be referred to as they appeared in the trial court.

It is undisputed that the defendant, Home Fire & Marine Insurance Company, had issued a policy of insurance to the plaintiff, E. V. McCollum & Co., which protected it from the loss of not to exceed $5,000 on one North American Geophysical Gravity Meter A. G. No. 7 against direct loss or damage caused by . . . (f) Theft of the entire unit.

It is the contention of defendant that there was no theft within the terms of the policy. The record discloses that on or about January 30, 1946, the gravity meter in question was located on a truck owned by the plaintiff and was in possession of the agent of plaintiff, Verlin Robert Lange, near Covington, New Mexico. Just before the truck and the gravity meter were left by plaintiff's agent, he had been traveling along what appeared to have been a former state highway, but was no longer used as a state highway since the road had been changed. There was nothing, however, to indicate that the particular portion of the highway was no longer used as a public highway, except that there was a fence across the road with a gate that could be opened by hand.

Agent Lange had stopped the truck to take a meter reading while on the ranch of Hart and Frier; that Hart and Frier told Lange that they had previously found another employee of E. V. McCollum & Company trespassing upon their ranch and told him to keep off until they had received permission to come upon their property to work; that this had been communicated to the crew chief, Mr. Curlee. That Agent Lange was told that he was trespassing and that he would have to leave the truck there until settlement was made; that they said Lange could go get his boss, Mr. Curlee, and come out there and settle up with them and then they could have the truck again; that Hart and Frier voluntarily took him to the paved highway, which was about three miles from where he left the truck, and that he caught a ride into town and told Mr. Curlee, his boss, what had happened; that Mr. Curlee, a deputy sheriff and he went back out to the ranch that evening; that the deputy talked to Hart and Frier; that the deputy told Mr. Curlee that they wanted $200 damages before returning the truck; that it was out of his line and there was nothing

he could do about the matter; that they went back to town; that later they settled with Hart and Frier for $100 cash for permission to go upon their ranch and continue their work; that at this time the truck and gravity meter were released to them; that the property was in the same place and shape as it was when left, never having been touched by Hart and Frier.

It was stipulated that if plaintiff was entitled to recover anything, it would be the amounts of $250 paid to the firm of lawyers in Hobbs, New Mexico; $100 to Hart and Frier for release of gravity meter and truck and right to complete their present gravity readings and explorations on their ranch, and $25 for telephone calls, etc., and $80 for loss of the use of the gravity meter for four days at $20 per day, or the total sum of $455.

The sole question in this case is whether or not, under the above facts, the holding of the truck containing the gravity meter in question constituted a theft under the terms of the insurance policy.

It is conceded by both parties that the term "theft," as used in the policy, has no special meaning other than that found in our system of criminal jurisprudence. Black's Law Dictionary, Third Edition, page 1725, defines theft:

"Theft is the fraudulent taking of corporeal personal property belonging to another, from his possession, or from the possession of some other person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking."

21 O. S. A. §1701 defines larceny as the taking of personal property accomplished by fraud or stealth, and with intent to deprive the owner thereof, and it has often been held by our Criminal Court of Appeals that to constitute stealing (or theft) there must be a wrongful taking with felonious intent of the taker to deprive the owner thereof and to convert the property taken to the taker's own use. Riley v. State, 64 Okla. Cr. 183, 78 P. 2d 712.

It is also the settled law of this state that to constitute larceny the intent must not only be felonious, but must be to deprive the owner not temporarily, but permanently, of the property, and need not be lucri causa. A taking of personal property with the intent to deprive the owner temporarily of his property and to return the same to him, is not larceny, but a trespass, is not a felony, but a misdemeanor. McSpadden v. Territory, 7 Okla. Cr. 228, 122 P. 1105.

It has been said by one of our most prominent writers on criminal law that one who takes another's goods to compel him, though in an irregular way, to do what the law requires him to do with them—namely, pay his debt—is on no legal principle a felon, though doubtless he is a trespasser. In reason, one has no more privilege to steal the effects of his debtor than those of any other person. But a trespass is not theft, except when done with a felonious intent. And he who carries away a thing openly and not clandestinely, to enforce a just claim, not for fraud, not to injure the owner, but to compel him to do what the law requires, is not a thief, whatever the extent of the wrong, viewed otherwise. 2 Bishop, New Crim. Law (8th Ed.) sec. 849, p. 496; Connecticut v. Sawyer, 95 Conn. 34, 110 Atl. 461, 13 A. L. R. 139.

This court is committed to the rule that to constitute loss by theft under an insurance policy there must be a wrongful taking and asportation with intent to deprive the owner permanently of property, and in an action on an insurance policy to recover for alleged theft of property, the burden is on the plaintiff to establish by a preponderance of the evidence that such property was stolen. American Ins. Co. v. Jueschke, 110 Okla. 250, 237 P. 585, and others.

598

Applying the above rules to the evidence in this case, we conclude that plaintiff failed to establish by a preponderance of the evidence that the gravity meter heretofore described was stolen, and therefore the judgment of the trial court is reversed, with directions to render judgment for defendant.