978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John P. MILLER and Juanita Miller, Plaintiffs-Appellants,
v.
HARTFORD INSURANCE COMPANY OF THE MIDWEST, Defendant-Appellee.
 No. 91-6316.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 John P. Miller and Juanita Miller (Millers) appeal from the order of the district court granting summary judgment in favor of Hartford Insurance Company of the Midwest (Hartford). The facts are undisputed and briefly set forth.
 
 
 3
 Robert C. Miller (R.C.), the father of John P. Miller obtained from Hartford, an automobile insurance policy covering four automobiles which were owned, registered, and titled to R.C. While the Millers were each listed as designated drivers on the policy, R.C. was the only named insured.
 
 
 4
 In June of 1988, there was a fatal collision involving one of the insured automobiles. At the time of the accident, the insured automobile was driven by R.C.'s granddaughter, Jatonna Miller. The accident resulted in the death of Jatonna's brother, Jud Miller.[1] Following the accident, the Millers brought this reformation suit against Hartford seeking to be named as insureds under the policy covering the four automobiles.
 
 
 5
 In its order granting summary judgment, the district court found that while the Millers had standing to bring the reformation suit, their claim failed on the merits. The court determined that the Millers had not carried their burden of proving that the "written insurance contract differ[ed] from the parties' oral agreement, and that th[e] difference was due to a mutual mistake."
 
 
 6
 The court specifically found that the Millers presented no evidence that R.C. intended to have them listed as named insured on the policy, and, in fact, that the evidence presented indicated the opposite conclusion. The record reflects that there was evidence which indicated R.C. had never thought to include the Millers as named insured on the policy, and that no attempts were ever made prior to the accident to have the Millers listed as named insureds.
 
 
 7
 The Millers contend on appeal that the district court erred in granting summary judgment in favor of Hartford, based upon the conclusion that there was no mutual mistake of fact sufficient to justify reforming the insurance policy. We disagree.
 
 
 8
 We review the granting of summary judgment de novo. Oestman v. National Farmers Union Ins. Co., 958 F.2d 303, 304 (10th Cir.1992). It has been firmly held that, "a party seeking reformation under Oklahoma law must show by proof that is clear, unequivocal, and decisive, and more than a mere preponderance, that a prior agreement existed and that the contract does not reflect that agreement because of fraud or mistake." ITT Life Ins. Corp. v. Farley, 783 F.2d 978, 981 (10th Cir.1986), citing Agee v. Travelers Indemnity Co., 264 F.Supp. 322, 326 (W.D.Okl.). See also, Western Ins. Co. v. Cimarron Pipe Line Const., 748 F.2d 1397, 1399 (10th Cir.1984); Evans v. Hartford Life Ins. Co., 704 F.2d 1177, 1179 (10th Cir.1983).
 
 
 9
 In the instant case, there was no mutual mistake between the parties to the agreement. R.C. testified in his deposition that it had never occurred to him to include the Millers as named insured on the policy, and there was no attempt to add them to the insurance policy as named insureds prior to the accident. R.C.'s "lack of knowledge or ignorance of the coverage actually extended to him by the insurance policy [is not] considered a mistake of fact so as to permit reformation." Evans at 1181 (quoting 13A J. Appleman & Appleman, Insurance Law and Practice p 7608 at 308-09 (1976)).
 
 
 10
 We affirm the district court's Order of August 16, 1991, granting Hartford's motion for summary judgment substantially for the reasons set forth therein. A copy of the Order is attached hereto.
 
 
 11
 AFFIRMED.
 
 ATTACHMENT
 
 12
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 
 13
 John P. Miller and Juanita Miller, Plaintiffs,
 
 
 14
 v.
 
 
 15
 Hartford Insurance Company of the Midwest, Defendant.
 
 CIV-90-1008-T
 
 16
 Aug. 16, 1991.
 
 ORDER
 
 17
 On June 15, 1988, a 1972 Volkswagen sedan owned by R.C. Miller and operated by plaintiffs' daughter was involved in a one-car accident that resulted in the death of plaintiffs' minor son. The car was insured under a personal automobile insurance policy issued to and paid for by R.C. Miller, the father of plaintiff John P. Miller. Plaintiffs, John P. and Juanita Miller, brought this action in state court on June 4, 1990 to reform the contract of insurance to include John P. Miller as a named insured. Defendant, Hartford Insurance Company of the Midwest, subsequently removed the action to this Court, alleging diversity jurisdiction.
 
 
 18
 This matter is before the Court on defendant's Motion for Summary Judgment. Defendant contends that it is entitled to judgment as a matter of law because (1) plaintiffs lack standing to seek reformation of the insurance policy and (2) plaintiffs lack evidence sufficient to support reformation of the contract.
 
 
 19
 Summary judgment is appropriate if the pleadings, answers to interrogatories and depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e) (emphasis added). See also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 2-9-50 (citations omitted).
 
 STANDING
 
 20
 Defendant contends that plaintiffs lack standing to bring this action for reformation since they were not parties to the contract of insurance. It is undisputed that R.C. Miller was the contracting party for the insurance policy at issue; all premiums were paid solely by him and were for the benefit of vehicles to which he alone held title. Prior to the accident, plaintiffs neither requested coverage for themselves nor paid a pro-rata share of the premiums assessed under the policy. In fact, plaintiffs only contact with agents for the defendant was in 1979, when Juanita Miller brought documents to the agency so that a newly-purchased vehicle could be added to the policy. This contact was made at the request of R.C. Miller.
 
 
 21
 Thus, it is beyond dispute that plaintiffs are not in privity of contract with defendant. This, however, does not foreclose their right to seek reformation of the insurance policy. In United States Fidelity & Guarantee Co. v. Webb, 477 P.2d 392, 395 (Okla.1970), the Court permitted reformation of an insurance policy by a person who was not a named insured. The Court reasoned:
 
 
 22
 It was the intent of the Webbs that the policy include both of them and it was the result of inadvertence and mistake on the part of either the bank or the agent, or both of them, that only Billy Joe Webb's name appeared on the policy. The policy is therefore subject to reformation in equity on the ground of a mutual mistake of material facts.
 
 
 23
 Id. The Court concludes that plaintiffs John P. and Juanita Miller have standing to bring this action for reformation.
 
 REFORMATION OF THE POLICY
 
 24
 While plaintiffs have standing to bring this action, their claim nonetheless fails on the merits. In order to prevail, plaintiffs must prove that the written insurance contract differs from the parties' oral agreement and that this difference is due to a mutual mistake. See Evans v. Hartford Life Insurance Co., 704 F.2d 1177, 1180 (10th Cir.1983). Under Oklahoma law, plaintiffs' proof must be "clear, unequivocal and decisive." Agee v. Travelers Indemnity, 264 F.Supp. 322, 326 (W.D.Okla.1967), aff'd, 396 F.2d 57 (10th Cir.1968). The "evidence must be sufficient to take the question out of the range of reasonable controversy." Id. Plaintiffs cannot sustain this burden of proof.
 
 
 25
 Plaintiffs present no evidence that R.C. Miller intended to have John P. Miller listed as a named insured on the policy. In fact, the evidence presented leads to the opposite conclusion. During his deposition, R.C. Miller gave the following testimony:
 
 
 26
 Q. Mr. Miller, did you believe that John and his family was [sic] an insured just like you were under this policy?
 
 
 27
 A. Never occurred to me to even think about it. I suppose they would be, because on whatever they were driving, the thing was covered.
 
 
 28
 Defendant's Exhibit C at 18. R.C. Miller also testified that he has no recollection of ever requesting that his son be added as a named insured on the policy. See id. at 8. Plaintiffs admit that prior to the accident they never contacted defendant or its agent to request that John Miller be listed. See Defendant's Exhibit D at 8, 14, Defendant's Exhibit E at 24. Plaintiffs' claim for reformation is not based on any agreement with defendant, but rather on a belief that defendant's agent should have sua sponte listed John Miller as a named insured. John Miller testified that
 
 
 29
 The agents knew that the van, that we drove the van and according to that information, they should have put our names on the policy, knowing that the van was ours. In the sense that we were the ones driving it.
 
 
 30
 Defendant's Exhibit D at 13. Yet the vehicles driven by John and Juanita Miller and their family were covered under the terms of the insurance policy as "covered autos." In fact, the policy listed members of the John Miller family as "principal operators" of three of the insured vehicles. Under the policy, plaintiffs were covered whenever they drove one of the listed vehicles with the permission of the owner, R.C. Miller.
 
 
 31
 Plaintiffs' and R.C. Miller's ignorance of the extent of coverage afforded by the insurance contract does not constitute "a mistake of fact so as to permit reformation." Evans, 704 F.2d at 1181. The evidence indicates that listing John Miller as an additional named insured was simply not discussed. There is no evidence to suggest that the written insurance policy contains a mistake that is subject to correction through an action for reformation. Plaintiffs have failed to present evidence sufficient to justify the extraordinary remedy they seek. See id. Defendant is entitled to judgment as a matter of law.
 
 CONCLUSION
 
 32
 Defendant's Motion for Summary Judgment is GRANTED. This action is dismissed with prejudice.
 
 
 33
 IT IS SO ORDERED this 16th day of August, 1991.
 
 
 34
 ----------------Ralph G. Thompson
 
 
 35
 ----------------RALPH G. THOMPSON
 
 
 36
 ----------------UNITED STATES DISTRICT JUDGE
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The grandchildren are the children of the Appellant Millers